# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| **IMARI A. OBADELE**, 3 #180142,<br><br>Plaintiff,<br><br>v.<br><br>**ERIK SKON, CONNIE ROEHRICH, MIKE SVEEN, NATHAN MORCHING, LISA WESELOCH, and DENNIS LINDELL,**<br><br>Defendants. | Civil No. 03-2814 (DSD/JGL)<br><br>**REPORT AND RECOMMENDATION** |

### APPEARANCES

Imari A. Obadele, pro se

Jennifer A. Service, Esq. and Robert L. Grossman, Esq. for Defendants

---

JONATHAN LEBEDOFF, Chief United States Magistrate Judge

The above-titled matter is before the undersigned Chief Magistrate Judge of District Court on Plaintiff's Motion for Fees and Costs (Doc. No. 138). This matter has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

## I.   BACKGROUND

Plaintiff Imari Obadele is an inmate currently incarcerated at the Minnesota Correctional Facility in Faribault, Minnesota ("MCF-Faribault").

Plaintiff filed suit pursuant to 42 U.S.C. § 1983, alleging, inter alia, that the current or former employees of the Minnesota Department of Corrections ("the DOC Defendants") and the current or former employees of Anagram International, Inc. ("the Anagram Defendants") violated his due process and equal protection rights by reducing his interstate wage rate and by terminating him from his prison employment. (Report and Recommendation ("R & R") of Aug. 13, 2004 at 2, 6-15.) Plaintiff also argued that he was retaliated against for exercising a constitutional right. (Id. at 16.) After discovery, the parties filed cross motions for summary judgment. This Court recommended granting in part and denying in part each party's motion. (Id. at 19.) Specifically, the Court recommended granting summary judgment on Plaintiff's claim against the DOC Defendants, holding that Plaintiff's wage rate should not have been reduced until the grievance and appeals process was complete. (Id. at 11-12.) The Court found that a declaration from the DOC Defendants acknowledging the unconstitutionality of revoking an inmate's interstate wage assignment without a meaningful, pre-deprivation hearing, as well as an award of monetary damages – the difference in pay between the time Plaintiff's wages were reduced until the date his employment was terminated – would redress the particular wrong committed by the DOC Defendants. (Id.) The Court then directed the DOC Defendants

to provide the payroll records reflecting Plaintiff's daily work hours to determine the amount of damages Plaintiff was entitled to receive.  (Id. at 12.)  The Court recommended granting summary judgment for the Defendants, both DOT and Anagram, on all remaining claims.  (Id. at 6-16.)  The District Court adopted fully this Court's R&R and granted partial judgment in favor of the Plaintiff.  Based on the payroll records submitted by the DOC Defendants, the District Court determined that Plaintiff was entitled to $313.10 in damages.

## II.     PLAINTIFF'S CURRENT MOTION

Pursuant to Federal Rule of Civil Procedure 54(d)(1) and 28 U.S.C. § 1915(b)(1), Plaintiff now moves to recover the fees and costs he incurred in this litigation against the DOC Defendants.[1]  Plaintiff alleges, and the records reflect, that his litigation costs and fees amounted to $481.66.  (Pl. Mem. at 2-5; Pl. Aff. ¶¶ 2-11.)[2]  Plaintiff's motion is unopposed by the DOC Defendants.

---

[1] The Court observes that Plaintiff did not name the Anagram Defendants in his current motion for fees and costs.  The Anagram Defendants responded to Plaintiff's motion for fees and costs "as uninvolved parties" requesting that Plaintiff's motion be denied.  (Anagram Def. Resp. ¶ 5.)

[2] The Court notes that Plaintiff seeks an additional $43.00 in costs for 430 copies of documents that were allegedly made for him during the course of this litigation.  However, Plaintiff's alleged expense is not documented anywhere in the record.  (Pl. Aff. ¶ 9.)  Plaintiff's exhibits did not record the number of copies that were made for him in this particular instance; nor did they show whether, and how much, Plaintiff was charged for these alleged services.  Accordingly, this Court cannot find that Plaintiff is entitled to the additional $43.00 in costs and fees.

In their response to Plaintiff's motion for fees and costs, the DOC Defendants agreed to reimburse Plaintiff in the amount of $481.66 and to deposit this sum into Plaintiff's inmate account. (DOC Def. Resp. at 1.)

Because the DOC Defendants have agreed to pay Plaintiff's documented litigation costs, Plaintiff's motion is now moot. Accordingly, this Court need not address whether Plaintiff is the prevailing party in this case, nor whether he is entitled to the costs and fees pursuant to Rule 54(d)(1). The Court appreciates Defendants' effort to bring about a just, speedy, and inexpensive resolution to this matter by reimbursing Plaintiff for all of his documented costs and fees. See Fed. R. Civ. P. 1.

Based on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that Plaintiff Imari Obadele's Motion for Fees and Costs (Doc. No. 138) should be **DENIED** as moot. To the extent they have not done so, Defendants Skon, Roerich, and Sveen should deposit $481.66 into Plaintiff's inmate account.

Dated: July 12, 2005

 s/ Jonathan Lebedoff
JONATHAN LEBEDOFF

                                        Chief United States Magistrate Judge

Pursuant to D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by July 28, 2005. A party may respond to the objections within ten days after service thereof. Any objections or responses filed under this rule shall not exceed 3,500 words. A District Judge shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit.